## HURST *v.* HURST.

The discretion of a trial judge in refusing a new trial will not be disturbed when there is no complaint of any error of law in the trial (the motion for new trial being based solely upon the three usual general grounds), and where the evidence, though in conflict, fully supports the verdict rendered in favor of one of the parties rather than the other.

No. 3905.    MAY 14, 1924.

Equitable petition. Before Judge Fortson. Walton superior court. June 15, 1923.

*E. W. Roberts,* for plaintiff in error.

*Orrin Roberts,* contra.

RUSSELL, C. J.    A verdict was rendered and a decree entered subjecting to a lien of $3,000 certain property which the plaintiff in error, defendant in the court below, claimed was hers. The exception is to the overruling of the defendant's motion for a new trial. It is true that certain demurrers filed by the defendant in the lower court are brought up in the record, but their merits cannot be determined here, because it does not appear from the bill of exceptions that these demurrers were ruled upon by the lower court, or, if there was a ruling, no exception thereto appears. The plaintiff and the defendant were widows, and their husbands were brothers. The action was brought by Mrs. G. P. Hurst, in the form of an equitable petition in which she alleged that she loaned her brother-in-law, M. F. Hurst, $3,000 upon his promise to secure her by a deed to certain property known as number 18 Sterling Street, Atlanta, Georgia, which in her ignorance of law she thought had really been done by an entry upon the back of the note he gave her at the time she made the loan. She testified that at the time of making the loan the defendant, who was the borrower's wife, was present as a witness to the transaction, heard all that was said, saw her execute her check, and saw M. F. Hurst execute and deliver the note with the entry upon the reverse side to which reference has been made, without dis-

closing that she had any interest in the lot. On the contrary the defendant testified that she knew nothing of the loan and never knew that her husband had borrowed any money from the plaintiff until after his death. She admitted visiting the plaintiff with her husband at the time mentioned, and that her husband and the plaintiff were talking about the plaintiff's financial matters, but testified that she paid no attention whatever to their conversation, and only passed through the room a few times in playing with the children. It will be observed that upon the very crucial point in the case the testimony was in direct conflict upon the point whether Mrs. M. F. Hurst was estopped to set up her title as against the lien claimed by Mrs. G. P. Hurst upon the property involved, to wit, a house and lot known as number 18 Sterling Street, Atlanta, Georgia. It appears from the record that counsel agreed upon the submission of only two questions submitting the issue in the case: "(1) Did Mrs. M. F. Hurst have knowledge of the promise of M. F. Hurst to give Mrs. G. P. Hurst a security deed to the lot in Atlanta?" "(2) If your answer to the first question is 'No,' do not answer this question; if it is 'Yes,' answer this question: Was such knowledge acquired by Mrs. M. F. Hurst before, at the time of, or after the money was loaned to M. F. Hurst by Mrs. G. P. Hurst?" By their verdict the jury answered the first question in the affirmative; and the second question by finding that Mrs. M. F. Hurst knew, at the time the loan was made, of the promise of M. F. Hurst to give Mrs. G. P. Hurst a security deed to number 18 Sterling Street, Atlanta, Georgia. Upon this finding and in view of the agreement of counsel in open court that the amount of the lien sought to be established in favor of Mrs. G. P. Hurst against the lot in question was not in issue— if anything was due that the full sum of $3,000 was due, the court did not err in decreeing that the judgment for the amount of the note should be a special lien upon said property as prayed in the petition.

The able counsel for plaintiff in error insists that the verdict is contrary to law and the evidence, because the nature of the case imposed upon the plaintiff the duty and burden of tracing the funds obtained by M. F. Hurst from Mrs. G. P. Hurst into the property at number 18 Sterling Street in Atlanta, and for that reason insists that in no event could a lien for more than $1,750

be set up against the said property. It is true, as argued, that $2,750 was shown without contradiction to have been paid upon the purchase of the Sterling Street property before the plaintiff, Mrs. G. P. Hurst, loaned the $3,000 to M. F. Hurst; and it is therefore very evident, if the plaintiff was required to trace the money which had been loaned to M. F. Hurst, that a lien for more than $1,750 could in no event be imposed upon the Atlanta property in possession of the defendant. In our opinion, however, the decision of this case is controlled by the doctrine of estoppel, and the application of this doctrine renders it entirely immaterial whether the money borrowed by M. F. Hurst was applied in paying the purchase-price of the property on Sterling Street or whether any of the money lent by Mrs. Hurst was applied to that purchase. Under the questions submitted by consent of both parties in this case, the real issue was whether Mrs. M. F. Hurst, being present and cognizant of the entire conversation and transaction between her husband and her sister-in-law, so silently admitted the right of her husband to give a deed to the property in dispute and her assent to his right to do so as that she was precluded and estopped from asserting any facts tending to dispute his right to thus convey to the plaintiff such security. Upon this point the evidence was directly in conflict. But it appears from the record there was no issue as to the amount of the lien if any lien should be set up. It appears from the record that "it was admitted by counsel for both parties that the full amount of this note sued on was due if *anything* was due," and the amount was not in issue. Therefore, under the issues raised upon the motion for a new trial, there remained but two questions as properly submitted by the trial judge, and as expressly stated elsewhere in this opinion: first, whether Mrs. M. F. Hurst knew the agreement of her husband; and second, whether this knowledge antedated the procurement of the money. These questions were settled by the verdict of the jury in favor of the plaintiff; and so upon the hearing of the motion for a new trial the case fell clearly within the well-settled rule so hallowed by age that we bow to it reverently.

*Judgment affirmed. All the Justices concur.*